**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ALFONSO PROCOPIO,

    Plaintiff,

v.

MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC., and ENCORE CAPITAL GROUP, INC.,

    Defendants.

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

ALFONSO PROCOPIO ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against MIDLAND FUNDING, LLC ("Defendant Midland"), MIDLAND CREDIT MANAGEMENT, INC ("Defendant MCM"); and ENCORE CAPITAL GROUP, INC. ("Defendant Encore") (collectively referred to as "Defendants").

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendants conduct business in the State of Maryland, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Owings, Maryland 20736.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant Midland is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, California, 92123.

8. Defendant MCM is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, California, 92123.

9. Defendant Encore is a corporation specializing in debt collection with its principal place of business located at 8875 Aero Drive, San Diego, California, 92123.

10. Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12. At all relevant times, Defendants contacted Plaintiff in their attempt to collect an alleged consumer debt.

13. The alleged debt at issue, a JCPenney store card, arose out of transactions, which were primarily for personal, family, or household purposes.

14. Plaintiff never incurred any debt in connection with a business or commercial

transactions, and therefore, the debt if truly an obligation owed by him, could only have arisen from a financial obligation for primarily personal, family, or household purposes.

15. Defendant MCM first contacted Plaintiff in a letter entitled, "PRE-LEGAL NOTIFICATION", dated March 16, 2015. See Exhibit "A."

16. Defendant's notice threatened to forward Plaintiff's account to an attorney if payment or communication was not made by April 15, 2015. See Id.

17. Plaintiff never made contact with Defendants, nor did Plaintiff make a payment to the above referenced account by the aforementioned date of April 15, 2015.

18. Upon information and belief, Defendants had no intention of pursuing legal action against Plaintiff as two (2) months have passed since Defendants' deadline, yet no legal proceedings have been filed.

19. Finally, within five (5) days of its initial communication with Plaintiff, Defendants failed to send Plaintiff written notification of his rights to dispute the debt and/or to request verification of the debt.

20. Defendants' actions, as described herein, were crafted with intent to create a misleading impression in an attempt to coerce payment from Plaintiff.

## COUNT I
### DEFENDANTS VIOLATED § 1692e OF THE FDCPA

21. A debt collector violates section 1692e of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

22. Defendants violated section 1692e when they falsely represented that nonpayment of the alleged debt would result in legal action

## COUNT II

### **DEFENDANTS VIOLATED § 1692e(5) OF THE FDCPA**

23. A debt collector violates section 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

24. Defendanst violated section 1692e when theyt threatened to pursue legal action that it had no intention of following through with.

### COUNT III
### **DEFENDANTS VIOLATED § 1692g OF THE FDCPA**

25. A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26. Defendants violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt.

WHEREFORE, Plaintiff, ALFONSO PROCOPIO, respectfully prays for a judgment as

follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ALFONSO PROCOPIO, demands a jury trial in this case.

Respectfully submitted,

DATED: June 26, 2015

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888
Fax: 215-540-8817
Email: aginsburg@creditlaw.com
Attorney for the Plaintiff